Case 2:09-cv-01821-PM-KK Document 24 Filed 06/24/10 Page 1 of 5 PageID #: 162

RECEIVED
IN LAKE CHARLES, LA.

JUN 24 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NEWPARK MATS & INTEGRATED SERVICES, LLC | : | DOCKET NO. 2:09 CV 1821 |
| VS. | : | JUDGE MINALDI |
| GLOBAL POLLUTION SERVICES, LLC and PRAETORIAN SPECIALTY INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss or Alternatively Motion for Summary Judgment, filed by defendant Praetorian Specialty Insurance Company ("Praetorian") [doc. 13]. The plaintiff, Newpark Mats & Integrated Services, LLC ("Newpark"), filed an Opposition [doc. 16]. Co-defendant Global Pollution Services, LLC ("Global") also filed an Opposition [doc. 17]. Praetorian filed a Reply [doc. 20].

## FACTS

Pursuant to a bid proposal dated August 1, 2008, Newpark provided three hundred thirty-six (336) "Dura Base" composite mats to Global in connection with its Johnson Bayou Pit Project in Cameron Parish, Louisiana.[1] On September 13, 2008, Hurricane Ike hit the Texas coast and caused a storm surge, flooding the storage site for the composite mats.[2] Consequently, all three hundred thirty-six mats were lost and never recovered.[3]

---

[1] Petition [doc. 1-1].

[2] Pl.'s Opp. [doc. 16-1].

[3] *Id.*

At the time of loss, the composite mats were in the care, custody, and control of Global and, under the terms of the bid proposal, Global assumed all liability in connection with the loss or destruction of the composite mats.[4] Prior to September 2008, Praetorian issued Global a commercial lines policy containing an endorsement for contractor's equipment coverage.[5] That policy provides for coverage of contractor's equipment or tools that are leased or rented from others while such property is in the care, custody, or control of Global.[6]

The rental for the composite mats was $30,267.33, and Global has never paid that amount to Newpark, despite amicable demand.[7] Newpark filed suit against Global and Praetorian to seek the cost of the composite mats.[8]

## RULE 12(b)(6)

If a motion to dismiss under Rule 12(b)(6) presents matters outside the pleadings that are not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56, and all parties will be given a reasonable opportunity to present all material relevant to a motion for summary judgment. Fed. R. Civ. P. 12(d). Accordingly, this court will treat the defendant's motion to dismiss solely as a motion for summary judgment under Rule 56.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the

---

[4] *Id.*

[5] *Id.*

[6] *Id*; Def.'s Ex. A, p. 20 [doc. 13-3].

[7] Petition [doc. 1-1].

[8] *Id.*

2

opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the movant satisfies this burden, however, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## ANALYSIS

Praetorian seeks dismissal of Newpark's claim, arguing that Newpark does not have a valid claim against Praetorian. Praetorian attaches the policy it issued to Global and points out that it provided contractor's equipment coverage to Global.[9] Although the policy was a contract between Praetorian and Global, Praetorian acknowledges that Louisiana's direct action statute allows a

---

[9] Def.'s Ex. A [doc. 13-3].

3

plaintiff to bring a direct action against a tortfeasor's liability insurer. However, Praetorian argues that the direct action statute is limited to liability insurers. Praetorian contends that it provided Global with contractor's equipment coverage, not liability or indemnity coverage; thus, Praetorian insists that Newpark does not have a claim against Praetorian.

Newpark argues that Praetorian may not term the insurance contract an indemnity contract to avoid liability. Newpark argues that an insurer may not insulate itself from a direct action by framing its policy as an "indemnity" contract. Further, Newpark argues that if a policy insures the liability for the claim, then the policy wording as an "indemnity" or "liability" policy is irrelevant. Newpark points to the policy and argues that the policy insures Global for its liablity for the loss of the Newpark mats, which were in the care, custody, and control of Global.

Global also opposes Praetorian's motion and argues that the policy between Praetorian and Global covers risk of direct physical loss unless the loss is limited or caused by a cause of loss that is excluded. Global argues that the "cause of loss excluded" clause does not exclude negligence of any entity; thus, the claim is not excluded. Global adds that the policy language conflicts with Praetorian's arguements in its memorandum and argues that any conflict must be resolved in favor of Global and coverage for Newpark's claim.

Louisiana's direct action statute allows an injured person to bring a direct action against a tortfeasor's liability insurer. La. Rev. Stat. Ann. § 22:1269. Praetorian attaches the policy it issued to Global, which was for contractor's equipment coverage. The coverage provides insurance coverage to Global for loss of Global's property, but the policy does not provide indemnification or insurance coverage for Global's liability caused by Global's fault. Newpark has not presented any evidence demonstrating that the policy provides liability or indemnity coverage; thus, Newpark may

4

not bring a direct action against Praetorian. Accordingly,

IT IS ORDERED that Praetorian's Motion for Summary Judgment is hereby GRANTED.

IT IS FURTHER ORDERED that all claims against Praetorian are hereby DISMISSED with prejudice at the plaintiff's cost.

Lake Charles, Louisiana, this 22 day of May, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE